UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2005-10, <br>     *Plaintiff*, <br><br> v. <br><br> WALTER REDDY III, <br>     *Defendant*. | 3:23-CV-970 (SVN) <br><br><br><br><br> November 29, 2023 |

## ORDER ON DEUTSCHE BANK'S MOTION FOR REMAND TO STATE COURT

Sarala V. Nagala, United States District Judge.

Defendant Walter Reddy III, proceeding *pro se*, removed this summary eviction proceeding from the Connecticut Superior Court (Housing Session), Judicial District of Stamford/Norwalk. Notice of Removal, ECF No. 1. Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") has moved to remand the case to that court, arguing that Reddy's notice of removal is defective for various procedural reasons. ECF No. 16. Deutsche Bank also seeks an order preventing Reddy from filing another notice of removal in federal court related to this eviction proceeding.

While the Court cannot remand this case for the procedural reasons identified by Deutsche Bank, it holds that removal of this matter to federal court is not possible because the action has proceeded to final judgment and the period for appeal has passed. Further, for the reasons stated below, the Court orders that Reddy shall not file another notice of removal of this action without first seeking this Court's approval. Thus, Deutsche Bank's motion to remand is DENIED IN PART and GRANTED IN PART, and the Court remands the case to the Connecticut Superior Court.

I.    BACKGROUND

This case comes before the Court after a protracted (and sometimes confusing) foreclosure and subsequent eviction dispute in the Connecticut Superior Court. On March 13, 2009, Deutsche Bank National Trust Company filed a foreclosure action against Reddy concerning a property located at 16 Briar Oak Drive in Weston, Connecticut. *Deutsche Bank Nat'l Tr. Co. v. Walter Reddy III*, Superior Court of Connecticut, Judicial District of Stamford–Norwalk, No. FST-CV09-5010722-S; *see also id.*, 2014 WL 5099379, at *1 (Conn. Super. Ct. Sept. 5, 2014). After more than five years of litigation, the Superior Court entered summary judgment for Deutsche Bank. *Id.* Then, on June 5, 2018, Deutsche Bank became the record owner of 16 Briar Oak Drive. *Deutsche Bank Nat'l Tr. Co. v. Walter Reddy III*, No. FST-CV09-5010722-S, Dkt. 217.02 (setting Law Day for June 5, 2018). On June 27, 2018, the Connecticut appellate courts dismissed Reddy's appeal in the foreclosure action as moot. *Id.*, Dkt. 243.00.

Deutsche Bank then initiated this eviction action concerning an in-law unit at 16 Briar Oak Drive. *Deutsche Bank Nat'l Tr. Co. v. Walter Reddy III*, No. NWH-CV18-6004197-S (Conn. Super. Ct.), Dkts. 100.30, 100.31. Deutsche Bank also initiated a separate eviction action for 16 Briar Oak Drive itself. *Deutsche Bank Nat'l Tr. Co. v. Walter Reddy III*, No. NWH-CV18-6004196-S (Conn. Super. Ct.). In the in-law unit action, which is the present matter, the Superior Court entered judgment in favor of Deutsche Bank on February 5, 2020, after a full trial before the court. *Id.*, Dkt. 121.00. This judgment became final after Reddy failed to timely file an appeal to the Connecticut Appellate Court. *Id.*, Dkt. 127.10 at 2.

Both before and after the judgment, Reddy engaged in a series of gambits to delay the eviction proceeding. These tactics included willfully ignoring the judgment in the underlying foreclosure action, *id.* Dkts. 101.00 and 108.00 at 2 (answer), removing to federal court for the

first time, *id.* Dkt. 112.00, filing for bankruptcy, *id.* Dkt. 124.00, petitioning for a writ of *audita querela*,[1] *id.* Dkt. 127.00, petitioning a second time for a writ of *audita querela*, *id.* Dkt. 160.00, and removing to federal court for the second time, *id.* Dkt. 166.00 (the present removal).

Reddy has also advanced a series of conspiracy theories as to why Deutsche Bank cannot evict him. As part of his answer and defenses to the eviction complaint, Reddy claimed that Deutsche Bank had never retained the lawyers who appeared on its behalf to institute the proceedings against Reddy. *Id.* Dkt. 108.00 at 4 (First Special Defense). Instead, Reddy argued that the mortgage of his property was in fact owned by a third party, not Deutsche Bank, who had been fully paid, *id.* at 7–8 (Sixth Special Defense). Then, on his first removal of these actions, Reddy argued that the mortgage note on his property was owned by an individual named Jan Van Eck, who an initiated a suit against Deutsche Bank in federal court in Vermont to assert ownership. *See Detusche Nat'l Bank v. Reddy*, No. 3:19-cv-461 (VAB), ECF No. 15 at 6–7. The Vermont court dismissed Mr. Van Eck's lawsuit for failure to state a claim. *Van Eck v. Deutsche Bank Americas Holding Corp.*, No. 2:18-CV-232, 2019 WL 4776903 (D. Vt. Sept. 30, 2019). In 2019, upon Reddy's first removal, Judge Bolden remanded this action and its companion case to the Connecticut Superior Court on various grounds, including lack of subject matter jurisdiction. *Detusche Nat'l Bank v. Reddy*, No. 3:19-cv-460 (VAB) (WIG), ECF No. 16; *Detusche Nat'l Bank v. Reddy*, No. 3:19-cv-461 (VAB) (WIG), 2019 WL 7343385 (D. Conn. Dec. 31, 2019). Now Reddy has removed both actions to federal court for the second time, repeating many of the same arguments he has already unsuccessfully advanced throughout the litigation.[2] *See* ECF Nos. 1, 17.

---

[1] The writ of *audita querela* is a limited and extraordinary legal remedy "when enforcement of a judgment would be contrary to the ends of justice due to matters that have arisen since its rendition." *State v. Cotto*, 111 Conn. 818, 820 (2008)

[2] Concurrent with this order, the Court is issuing an order remanding the companion case, *Deutsche Bank Trust Company v. Reddy*, Case No. 3:23-cv-979 (SVN), for similar reasons.

3

**II.     DISCUSSION**

The Court will first address Deutsche Bank's motion to remand and the Court's authority to *sua sponte* remand, before turning to Deutsche Bank's motion to bar Reddy from removing this action again without this Court's approval.

A.  Motion to Remand

Under 28 U.S.C. § 1441—the general federal removal statute—a defendant may remove a state court action to federal court if the federal court would have original subject matter jurisdiction over the action.  The federal courts have original subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States ("federal question jurisdiction") and over matters involving parties with diverse citizenship where the amount in controversy exceeds $75,000 ("diversity jurisdiction").  28 U.S.C. § 1331; 28 U.S.C. § 1332. There are certain procedural requirements for removal, including, among others, that the notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading or service of summons or thirty days after which it could first be ascertained that the case is removable, 28 U.S.C. § 1446(b)(1) & (b)(2)(C).  An opposing party may file a motion to remand after a notice of removal is filed.  28 U.S.C. § 1447(c).

Deutsche Bank does not argue for remand because the Court lacks subject matter jurisdiction.  Rather, it argues for remand based on procedural defaults in Reddy's notice of removal, including that the notice of removal was untimely, fails to explain the history of the case, and neglects to attach a copy of the relevant pleadings.  The problem for Deutsche Bank is that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  This deadline "is plainly mandatory," and procedural defects in a notice of removal—

including timeliness of the removal—are waived if a motion for remand is not filed within thirty days of the filing of the notice of removal. *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005); *accord Pate v. City of Rochester*, 579 F. Supp. 3d 417, 421 (W.D.N.Y. 2022) (collecting cases). Reddy filed his notice of removal on July 25, 2023, ECF No. 1, and Deutsche Bank moved to remand on September 13, 2023, ECF No. 16, which is outside the 30-day window to move to remand on grounds other than a lack of subject matter jurisdiction. Indeed, despite the notice of removal being filed on the Superior Court docket, Deutsche Bank did not appear in this case until September 13, 2023, *after* the Court directed its Clerk to mail copies of various filings to the address for Plaintiff's counsel listed in the notice of removal. *See* ECF No. 15. This Court lacks authority to "carv[e] out an exception to the mandatory" 30-day deadline in Section 1447. *Phoenix Glob. Ventures, LLC*, 422 F.3d at 76; *see also Pate*, 579 F. Supp. 3d at 422. Therefore, Deutsche Bank's procedural arguments for removal are waived, and the Court must deny Deutsche Bank's motion to remand.

Nonetheless, the Court remands this action to Connecticut Superior Court *sua sponte* because removal is not authorized after final judgment is entered in a state action. Under the statute governing the removal of civil actions, only "pending" actions may be removed from state to federal court. 28 U.S.C. § 1441(a). In *Four Keys Leasing & Maintenance Corp. v. Simithis*, the Second Circuit held that a final judgment from a state court exhausted on appeal cannot be removed to federal court. 849 F.2d 770, 774 (2d Cir. 1988); *accord Murray v. Hy Cite Corp./Royal Prestige*, 150 F. Supp. 2d 527, 530 (E.D.N.Y. 2001); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York*, 329 F. Supp. 1175, 1178 (E.D.N.Y. 1971). As the Second Circuit has explained, "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation. . . . [A]

5

claim that has been reduced to a final judgment in the state court cannot be made subject to relitigation through removal." *Four Keys*, 849 F.2d at 774. Other circuits to have addressed this issue have come to the same conclusion. *See, e.g.*, *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Lloyd S. Mulvey Inc. Tr. v. Young*, 36 F. App'x 638, 2002 WL 1316486, at *1 (9th Cir. 2002) (holding that a defendant "cannot remove a case that is no longer pending in the state court"); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (*per curiam*) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court.").

This is exactly the scenario here. On February 5, 2020, the Superior Court entered judgment in favor of Deutsche Bank after a full trial. *Deutsche Bank Nat'l Tr. Co. v. Walter Reddy III*, No. NWH-CV18-6004197-S (Conn. Super. Ct.), Dkt. 121.00. This judgment became final after Reddy failed to timely file an appeal to the Connecticut appellate courts. *Id.*, Dkt. 127.10. Thus, despite that Reddy has been attempting to litigate various post-judgment matters—all unsuccessfully—the case is no longer pending for purposes of seeking removal to federal court.[3]

For these reasons, the Court remands the case to the Connecticut Superior Court.

---

[3] Other circuits to have addressed this issue have found that "remand to the state courts is 'impossible . . . as a matter of logic,' as the absence of 'a removable cause of action [implies that there is similarly] no cause of action that can be remanded . . . ." *Oviedo*, 655 F.3d at 425–26 (5th Cir. 2011) (quoting *Ristuccia*, 406 F.2d at 1258). Following this logic, the Fifth Circuit in *Oviedo* dismissed the removed case, rather than remanding it. 655 F.3d at 426. The Court declines to adopt this approach in this instance because it is concerned that outright dismissal would prejudice Reddy, who is acting *pro se* to litigate various post-judgment issues, and who may not have predicted that his attempt to remove the case would result in dismissal.

### B. Motion to Bar Reddy from Removing Action

Deutsche Bank also moves for an order barring Reddy from removing this action again, unless Reddy first seeks and receives permission from this Court to do so. The Court grants this portion of Deutsche Bank's motion.

"'A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process,' including 'an injunction forbidding further litigation.'" *Nat'l Acad. of Television Arts & Scis., Inc. v. Goodman*, No. 22-592, 2023 WL 3989876, at *2 (2d Cir. 2023) (summary order) (quoting *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). The Court must consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 714 (2d Cir. 2019).

All of these factors weigh in favor of barring Reddy from removing this action again. This is Reddy's second attempt at federal removal; he voluntarily withdrew his filing of bankruptcy, which appears intended to stall the eviction process; and his history of removing this litigation can now be considered vexatious.

Likewise, Reddy does not have an objective good faith expectation of prevailing. Judgment in this action was finalized three years ago. The prior foreclosure action was finalized nearly seven years ago. Yet, at each turn, Reddy has advanced frivolous defenses and removals of the action to delay the litigation. While the Court understands that eviction is difficult and painful for any person, Reddy can have no good faith expectation of prevailing, given the number of times his claims and motions have been denied.

7

That Reddy is proceeding *pro se* also weighs in favor of a bar. Reddy himself, not counsel, is responsible for his bad faith litigation. And it is Reddy, not counsel, who would be subject to sanctions for his frivolous claims. *See Deutsche Bank Nat'l Tr. Co. v. Koch*, No. 3:23-cv-1022 (JAM), 2023 WL 6804727, at *4 (D. Conn. Oct. 16, 2023).

Further, Reddy has caused needless expense to Deutsche Bank and posed an unnecessary burden on the courts. As the Court has already discussed, Reddy has extended the lifespan of this case from 2009 to today. At every turn, Reddy has engaged in tactics to delay foreclosure and eviction. It appears Reddy may have engaged an unrelated third party to engage in a frivolous lawsuit in Vermont to assert ownership over his home. Reddy has removed to federal court the second time, and filed for bankruptcy once to invoke the automatic stay on litigation during bankruptcy, only to later withdraw his bankruptcy filing. This undoubtedly has caused needless expense to the other party and the courts—both state and federal.

Finally, no other sanction would prove as effective at keeping Reddy from delaying proceedings.

Thus, all five factors weigh in favor of barring Reddy or any other party from removing this action to federal court in the future. The Court enters an order barring Reddy or any other related party from filing another notice of removal for this state court eviction action unless such person first files a motion on the docket of this case seeking leave to file a notice of removal. If Reddy or any related party chooses to file a notice of removal without first seeking and receiving permission from this Court to do so, they may be subject to penalties for contempt of court.

### III. CONCLUSION

For the reasons described herein, Deutsche Bank's motion to remand is GRANTED IN PART and DENIED IN PART. The Court remands this action back to the Connecticut Superior

Court (Housing Session), Judicial District of Stamford/Norwalk. Notwithstanding the ordinary 10-day waiting period under D. Conn. L. Civ. R. 83.7, the Clerk of Court shall forthwith remand this action.

The Court further ORDERS that Reddy and/or any related party may not remove this action to federal court unless Reddy or such related party first files a motion for leave to file a notice of removal on the docket of this federal court case (No. 3:23-cv-970 (SVN)) and unless the Court grants the motion to allow the filing of a notice of removal.

**SO ORDERED** at Hartford, Connecticut, this 29th day of November, 2023.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE